## EL PUEBLO v. TEXIDOR.

APELACIÓN procedente de la Corte de Distrito de Guayama.

No. 351.—Resuelto en junio 12, 1911.

LIBELO INFAMATORIO—ALEGACIÓN DE HECHOS TENDENTES A EXPONER AL DENUNCIANTE AL ODIO, DESPRECIO O RIDÍCULO PÚBLICO.—Examinada la denuncia en este caso que fué impugnada por el apelante, por estimar que no contenía alegación separada de los hechos tendentes a exponer al denunciante al odio, desprecio o ridículo público, el Tribunal Supremo resolvió que la denuncia era suficiente y no adolecía de ese defecto.

ID.—PLIEGO DE EXCEPCIONES—REFERENCIA AL DENUNCIANTE DE LA PUBLICACIÓN LIBELOSA.—No conteniendo pliego de excepciones la transcripción de autos presentada en este caso y habiéndose probado con la prueba de cargo que la publicación libelosa se refería al denunciante, no cometió error el tribunal inferior al no permitir a ocho o nueve testigos del acusado declarar que ellos no sabían a quien se refería el documento y que éste no se refería a persona alguna en particular.

ID.—LIBELO—INTENCIÓN DEL LIBELISTA—CONSECUENCIA NATURAL DE SUS ACTOS.—El acusado en este caso quizás pudiera haber probado que la hoja libelosa se refería a una persona distinta del denunciante, pero aun cuando hubiera tenido la intención de referirse a otro, si la hoja libelosa tiende a agraviar al denunciante, es de presumirse que el acusado tuvo la intención de ejecutar el acto de publicar la hoja libelosa aceptando todas las consecuencias probables y naturales que se derivan de dicho acto.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Jacinto Texidor.*

Abogado del apelado: *Sr. Jesús M. Rossy, Fiscal.*

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

Este es un recurso de apelación procedente de la Corte de Distrito de Guayama. Se alega que la acusación es defectuosa y que se ha cometido error en la exclusión de evidencia. El delito imputado es el de libelo infamatorio, y el defecto de la acusación se dice que consiste en que dejó de establecer separadamente ciertos hechos tendentes a exponer al denunciante al odio, desprecio o ridículo público. El Fiscal alega que tal separación es innecesaria en una publicación libelosa *per se*. Parece que ni el abogado del apelante ni el Fiscal leyeron detenidamente la acusación.

Los dos citan de ella lo siguiente:

"Que en el día 4 de octubre de 1910, y en la ciudad de Guayama, del Distrito Judicial de Guayama, el citado Luis Texidor Ortiz voluntaria y maliciosamente y con la intención de difamar mi honradez, integridad y buena fama y exponerme al odio y ridículo público, hizo publicar y publicó una hoja suelta a cuyo calce iba su firma y que contiene entre sus párrafos algunos que considero libelosos y que leen como sigue: 'Ese honorable ciudadano, escapado de la justicia, que merced a la política está codeándose con las personas decentes, pero que no por eso ha podido borrar el estigma degradante que sobre su frente sellaron los nombres fraudulentos que su malicia hizo figurar en listas de jornales que presentaba, hechos delictivos que denunció en cumplimiento de su deber un alto funcionario y que al parecer resultaban ciertos, cuando ninguna reclamación civil ni criminal se ha ejercitado contra él, no puede en manera alguna insultar a nadie, sin que él mismo resulte ser insultado. Jamás me puse en venta con ningún partido político; hice la política que cuadró a mi dignidad y amor propio, realizando siempre sacrificios, escatimándole a mi vida hasta el sustento por la cohesión política dentro del partido; que laboré sin cobrar nada por mi adhesión como pretendió hacerlo al partido republicano en tres ocasiones ese sujeto despreciable; la primera por un destino de asentista, la segunda y tercera por mil pesos adelantados con manifestación de descrédito.' Y el citado Luis Texidor Ortiz en la fecha arriba citada una vez impresa la hoja suelta a que se refiere esta denuncia, la hizo circular repartiendo o haciendo repartir varias de ellas que fueron leídas por personas de esta ciudad."

Pero la acusación continúa y dice:

"Y como considero que la citada hoja suelta se refiere a mi persona y no tiene otro fin que exponerme al ridículo público y a difamar mi honradez, integridad y buena fama que gozo en esta comunidad y contiene materia libelosa *per se,* y esto constituye un hecho punible, lo denuncio ante V. H. a fin de que se sirva hacer justicia.   Testigos: Jorge Alonso, Aniceto Texidor, Enrique Mestre, Enrique Amy, Ledo. Celestino Domínguez Rubio, Genaro Cautiño.   F Navarro Ortiz, denunciante.   Jurado y suscrita ante mí, hoy 30 de noviembre de 1910."

Quizás es esta una manera un poco informal de decir que los hechos tendían a exponerle al ridículo público; mas nosotros creemos que es suficiente, especialmente en la ausencia de una moción para eliminar.

El otro error es, que la corte se negó a permitir a ocho o nueve testigos declarar que ellos no sabían a quien se refería el documento y que el mismo no se refería a persona alguna en particular.   El récord no  contiene relación de hechos, y el pliego de excepciones se refiere solamente a la exclusión por la corte de evidencia tendente a demostrar la falta de conocimiento de parte de ciertos testigos, escogidos de entre un extenso público, en cuanto a quién se refería la publicación.   El Gobierno ciertamente tenía derecho a probar en la vista, que las palabras usadas se referían claramente al denunciante y la presunción es de que se presentó tal prueba. El acusado quizás pudiera haber probado que el libelo se refería a otro persona, pero aun cuando la intención fuera de referirse a otro, si tendía a agraviar al denunciante podía considerarse que el acusado tuvo el designio de ejecutar el acto con todas las consecuencias probables y naturales del mismo, como en el caso de *Scott* v. *Shepherd,* 2 W. Bl., 892. En este caso el acusado lanzó un petardo y fué demandado por daños, por haberle sacado un ojo a una persona a quien él no había lanzado el petardo.   Las palabras han tenido que haber sido destinadas contra alguien, y como debe presumirse que existió prueba tendente a demostrar que Francisco Ortiz

era la persona difamada, la evidencia negativa de nueve o una multitud de testigos, no pudo haber alterado los hechos tendentes a indentificar a dicho Navarro Ortiz como la persona difamada. El artículo tenía todas las señales de haber sido dirigido contra determinada persona y los testigos del Gobierno presuntivamente demostraron que el denunciante era la persona en cuestión. Debe confirmarse la sentencia.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados MacLeary, del Toro y Aldrey.